# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

CLEMENTE CRUZ and MARGARITHELENEE CRUZ,

    Plaintiffs,

  v.

SPECIALIZED LOAN SERVICING, LLC; THE BANK OF NEW YORK MELLON f.k.a. THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA10 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA10; and DOES 1–10, inclusive,

    Defendants.

Case No.: SACV 22-01610-CJC (JDEx)

**ORDER DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE [Dkt. 10] AND DENYING IN SUBSTANTIAL PART DEFENDANTS' MOTION TO DISMISS [Dkt. 9]**

I.      INTRODUCTION & BACKGROUND

On August 30, 2022, Defendants Specialized Loan Servicing, LLC ("SLS") and the Bank of New York Mellon f.k.a. the Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA10 Mortgage Pass-Through Certificates, Series 2006-OA10, removed this action by Plaintiffs Clemente Cruz and Margarithelenee Cruz from the Superior Court of California, County of Orange, to the U.S. District Court of the Central District of California.  (*See* Dkt. 1 [Notice of Removal of Action Based on Diversity Jurisdiction].)

Plaintiffs bring claims under the California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2920.5, 2923.4–.7, 2924, 2924.9–.12, 2924.15, 2924.17–.20, for Defendants' alleged conduct in pursuing a nonjudicial foreclosure against their real property.  These claims include (1) failing to contact Plaintiffs to assess their financial situation and explore options to avoid foreclosure at least thirty days before recording a Notice of Default in violation of California Civil Code § 2923.5,[1] (2) failing to rescind foreclosure efforts once Plaintiffs filed a loan modification application in violation of § 2923.6, (3) failing to assign a single point of contact in violation of § 2923.7, (4) failing to notify Plaintiffs of foreclosure prevention alternatives within five business days of recording the Notice of Default in violation of § 2924.9, and (5) failing to provide written

---

[1] Defendants claim that, while "[t]he relevant language is identical[ ] and courts cite them interchangeably," Civil Code § 2923.55 rather than § 2923.5 applies because the latter is "the predecessor to . . . § 2923.55." (Mot. at 4 n.1.)  Not quite.  Both sections are still in effect, and which provision applies depends on the type of entity at issue in a case.  Section 2923.5 "appl[ies] only to entities described in subdivision (b) of Section 2924.18." Cal. Civ. Code § 2923.5(f).  That subdivision in turn lists "depository institution[s] chartered under state or federal law" and "person[s] licensed pursuant to" certain provisions of the Financial Code or Business and Professional Code that (or who) foreclosed on 175 or fewer California properties containing four or fewer dwelling units within the "immediately preceding annual reporting period." *Id.* § 2924.18(b).  Section 2923.55, meanwhile, does "not apply to entities described in subdivision (b) of Section 2924.18." *Id.* § 2923.55(g).  The parties do not provide enough information at this stage to determine whether § 2923.5 or § 2923.55 applies.  In any event, as Defendants note, "the relevant language is identical." (Mot. at 4 n.1.)

notice acknowledging receipt of a loan modification application in violation of § 2924.10. (*See* Dkt. 1-1 [Complaint, hereinafter "Compl."] at 5–10.)  Plaintiffs also bring claims for (6) negligence, (7) violating the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210, and (8) cancellation of written instruments under Civil Code § 3412.  (*See* Compl. at 10–14.)[2]

Now before the Court are Defendants' request for judicial notice and motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (*See* Dkt. 10 [Request for Judicial Notice in Support of Defendants' Motion to Dismiss Verified Complaint, hereinafter "Req."]; Dkt. 9 [Defendants' Notice of Motion and Motion to Dismiss Verified Complaint; Memorandum of Points and Authorities in Support, hereinafter "Mot."].)  For the following reasons, the Court **DENIES** the request and **DENIES IN SUBSTANTIAL PART** the motion.[3]

## II.  DISCUSSION

### A.  Request for Judicial Notice and Incorporation by Reference

Defendants ask the Court to take judicial notice of information from several documents in support of their motion to dismiss under Rule 12(b)(6).  In addition to the well-pled allegations in a complaint, a court may consider judicially noticed facts.  *See United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).  "The court may judicially notice a fact that is not subject to reasonable dispute," so long as it

---

[2] Plaintiffs bring a claim under Civil Code § 2924(a)(1), which they now concede.  (*See* Dkt. 13 [Opposition to Defendants' Motion to Dismiss, hereinafter "Opp."] at 1 ["Plaintiffs will cease to pursue cause [sic] of action for Violation [sic] of 2924(a)(1)."].)  Accordingly, the Court **GRANTS** Defendants' motion to dismiss this claim.

[3] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for October 17, 2022, is hereby vacated and removed from the calendar.

"(1) is generally known within the trial court's territorial jurisdiction[,] or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[C]ourts do not take judicial notice of documents, they take judicial notice of facts. The existence of a document could be such a fact, but only if the other requirements of Rule 201 are met." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) (citations omitted); *see also Frank v. Chavez*, 65 F. Supp. 3d 677, 691 (N.D. Cal. 2014) (noting that "[t]he documents are not 'facts'" in rejecting a request for judicial notice); *AGA & Titan, Inc. v. United Specialty Ins. Co.*, No. 20-cv-02698, 2022 WL 3573918, at *2 (C.D. Cal. Apr. 6, 2022) ("The documents Plaintiff seeks to introduce are not themselves judicially noticeable . . . ."). "Judicial notice is a powerful tool that must be used with caution," *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016), as it amounts to conclusive proof of any noticed fact, *cf.* Fed. R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive."). The power is thus discretionary. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

Defendants request judicial notice of some official records filed with Orange County, including a Deed of Trust, an Assignment of the Deed of Trust, a Corporation Assignment of the Deed of Trust, a Notice of Default and Election to Sell Under the Deed of Trust, a Notice of Trustee's Sale, and a Substitution of Trustee. (*See* Req. at 3–6.) All but the Substitution of Trustee appear to be already attached as exhibits to Plaintiffs' complaint. (*See* Compl. Ex. A [Deed of Trust], Ex. B [Corporation Assignment of Deed of Trust and Assignment of Deed of Trust], Ex. D [Notice of Default and Election to Sell Under Deed of Trust]; Ex. E [Notice of Trustee's Sale].) And Defendants seek to use the Substitution of Trustee solely in support of their motion to dismiss Plaintiffs' claim under § 2924(a)(1), (*see* Mot. at 6), which, as noted above, Plaintiffs now concede, (*see* Opp. at 1); *see also supra* note 2. Judicial notice for these documents is therefore simply not needed.

      Judicial notice of private correspondence between Plaintiffs and Defendants that Defendants proffer is also unwarranted.  These documents include purported correspondence from SLS (1) regarding foreclosure prevention alternatives, (2) acknowledging receipt of Plaintiffs' loan assistance application, (3) notifying Plaintiffs of a single point of contact, (4) explaining the result of the review of Plaintiffs' application, and (5) noting that Plaintiffs failed to accept any foreclosure alternatives in a timely manner.  (*See* Req. at 3–6.)  The contents of these private communications, as well as the facts of their existence, are not "generally known within" this Court's "territorial jurisdiction."  Fed. R. Evid. 201(b)(1); *see also Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995) ("Facts that are 'generally known within the territorial jurisdiction of the trial court' are those that exist in the unrefreshed, unaided recollection of the populace at large.")  And the facts that the documents represent cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  The accuracy of information from the private correspondence is subject to reasonable dispute.  Such information is not among the types of facts normally subject to judicial notice, such as geography or official acts.  *See, e.g.*, *Centr. Green Co. v. United States*, 531 U.S. 425, 434–36 (2001) (geographic and physical features of flood control/irrigation project); *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971) (state court decision).  Indeed, even information in public records sometimes is non-noticeable.  *See Corinthian Colls.*, 655 F.3d at 999 ("[W]hether the Financial Reports [Ernst & Young LLP] submitted failed accurately to reflect Corinthian's" compliance with the Higher Education Act is an "open question[ ] requiring further factual development.  At the very least, [it is] certainly subject to 'reasonable dispute.'").

      Nor does the doctrine of incorporation allow the private communications to be considered on Defendants' Rule 12(b)(6) motion, as they also contend in their request for judicial notice.  (*See* Req. at 3–5.)  This doctrine permits courts to "consider unattached

evidence on which the complaint 'necessarily relies' if[ ] (1) the complaint refers to the document[,] (2) the document is central to the plaintiff's claim[,] and (3) no party questions the authenticity of the document." *Corinthian Colls.*, 655 F.3d at 999 (citation omitted). Because incorporation is discretionary, a "court may, but is not required to incorporate documents by reference." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The private correspondence here falls far short of this standard. It is in no sense "'integral' to the complaint." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 811 (9th Cir. 2011) (citation omitted). Defendants do not cite any part of the complaint even referring to the correspondence, let alone a part that "relies heavily upon its terms and effect." *Id.* (citation omitted). It is further telling that the documents are correspondence, since "[t]ypically, an integral matter" is a "contract" or some "other legal document containing obligations upon which the plaintiff's complaint stands or falls." *Id.* 811 & n.11 (citation omitted). The Court thus declines to find the private communications incorporated by reference. Accordingly, Defendants' request for judicial notice is **DENIED**.

### B. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Skilstaf, Inc. v. CVS*

*Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain well-pleaded factual allegations, not legal conclusions, that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### 1.      Homeowner Bill of Rights Claims

Defendants move to dismiss Plaintiffs' claims under the HBOR. Their sole arguments on several claims are based on the private communications at issue in their request for judicial notice and incorporation by reference, which they assert disprove the allegations in the complaint. These claims include those under § 2923.7 for failing to assign a single point of contact, § 2924.9 for failing to notify Plaintiffs of foreclosure alternatives within five business days of recording a Notice of Default, and § 2924.10 for failing to provide a written acknowledgement of receipt of a loan modification application. (*See* Mot. at 7–9.) As noted above, however, the Court declines to notice or incorporate the communications. Defendants have argued no other grounds to support dismissing these claims under Rule 12(b)(6), so their motion with respect to these claims fails. The Court also declines to convert the motion to a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Courts have "discretion not to convert the motion . . . into a summary judgment motion." *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). This case is still in its early stages, and the thrust of Plaintiffs' complaint evinces clear disagreement

with Defendants on the communications, if any, Plaintiffs received.  This matter would therefore benefit from discovery.[4]

Defendants additionally seek dismissal of Plaintiffs' claim under § 2923.5, which prohibits recording a notice of default until two conditions are satisfied.  First, "[e]ither [thirty] days after initial contact . . . as required by paragraph (2) or [thirty] days after satisfying the due diligence requirements as described in subdivision (e)" must elapse, and second, "[t]he mortgage servicer" must comply with § 2924.18(a)(1) "if the borrower has provided a complete application" for loan modification.  Cal. Civ. Code § 2923.5(a).  Defendants argue that SLS's declaration of compliance, annexed to the Notice of Default and thus included as an exhibit to Plaintiffs' complaint, contradicts Plaintiffs' allegation that Defendants improperly recorded the Notice of Default.  (*See* Mot. at 4–6.)  In Defendants' view, the declaration's recitation of contact "is sufficient to overcome the Plaintiffs' conclusory allegations" that no contact in fact occurred.  (*Id.* at 4.)

The Court disagrees.  The import of Plaintiffs' allegation that no contact occurred within the thirty-day window is that the declaration is false, so the complaint necessarily must contradict the declaration.  Defendants also misconstrues the cases that they cite to argue that this contradiction requires dismissal of Plaintiffs' claim.  *Kamp v. Aurora Loan Services* noted that the plaintiffs' allegations were too vague and used the declaration of compliance to justify dismissing a claim for failing to annex a declaration to a notice of default, which § 2923.5 separately requires.  *See* No. SACV 09-00844, 2009 WL 3177636, at *2 (C.D. Cal. Oct. 1, 2009).  That claim is different from a claim that the initial contact represented in a declaration did not occur, as is alleged here.  While the court's basis for dismissing the § 2923.5 claim in *Juarez v. Wells Fargo Bank, N.A.* is not clear, it resembles the reasoning in *Kamp*.  *See* No. CV 09-3104, 2009 WL 3806325, at

---

[4] Defendants also attempt to use the private communications to argue for dismissal of the § 2923.5 claim, (*see* Mot. at 5–6), which the Court for similar reasons rejects.

*2 (C.D Cal. Nov. 11, 2009). *Diaz v. Wells Fargo Bank, N.A.* concerned an application for a temporary restraining order, so the plaintiff had the burden to demonstrate a violation. *See* No. 13–CV–04915, 2013 WL 6172648, at *3–4 (N.D. Cal. Nov. 25, 2013). But on a motion to dismiss, like here, the movant has the burden, and the Court must accept factual allegations in a complaint as true. Further, *Diaz* cited *Kamp* and *Juarez*, so it should be understood as consistent with those cases. *See id*. The same applies to *Cabanilla v. Wachovia Mortgage*, which also cited *Kamp* and *Juarez*. *See* No. SACV 12-00228, 2012 U.S. Dist. LEXIS 39270, at *11–13 (C.D. Cal. Mar. 20, 2012). Moreover, the factual circumstances were different: in *Cabanilla*, the plaintiffs challenged the adequacy of the disclosures during the initial contact, while here, Plaintiffs challenge whether contact occurred at all. For all these cases, however, it is important to note that if Defendants' argument were correct—that recitation of contact in the declaration can defeat a later claim under § 2923.5—it would be unclear how a plaintiff could *ever* bring a claim predicated on the falsity of the declaration. That cannot be the case. When, as here, a plaintiff alleges that no contact occurred, the declaration stating the contrary cannot negate that claim.

Defendants' motion to dismiss the claim under § 2923.6(c), however, has merit. That section provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent *shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending*.

Cal. Civ. Code § 2923.6(c) (emphasis added). Plaintiffs allege that they submitted an application for a loan modification in June 2022. (*See* Compl. ¶¶ 16, 37.) The only Notice of Default and Notice of Trustee's Sale that they allege occurred in January and May of this year, respectively, (*see id*. ¶¶ 38–39)—in other words, before they submitted

their application—and they do not allege that Defendants have conducted a trustee's sale. Thus, as currently alleged, Defendants did not record a notice of default or trustee's sale or conduct a trustee's sale while any application was pending in violation of § 2923.6(c).

Accordingly, the Court **DENIES** Defendants' motion to dismiss the claims under §§ 2923.5, 2923.7, 2924.9, and 2924.10 and **GRANTS** the motion to dismiss the claim under § 2923.6(c).

### 2. Negligence

A negligence claim has four elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the duty, and (3) the breach proximately or legally caused (4) the plaintiff's damages or injuries." *Thomas v. Stenberg*, 142 Cal. Rptr. 3d 24, 29 (Cal. Ct. App. 2012). Defendants move to dismiss the negligence claim on the grounds that they owed Plaintiffs no duty of care. (*See* Mot. at 9–10.) The Court agrees. Under the economic loss doctrine, "[i]n general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage," when parties are in contractual privity. *Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 632 (Cal. 2022) (citation omitted). "[I]n the lender-borrower context," the "general rule" is that a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 636 (citation omitted). Thus, "when a borrower requests a loan modification, a lender owes no tort duty sounding in general negligence principles to 'process, review and respond carefully and completely to' the borrower's application." *Id.* at 650. Plaintiffs and Defendants are in contractual privity, and the negligence claim arises from their lender-borrower relationship. Accordingly, the Court **GRANTS** Defendants' motion to dismiss the negligence claim.

### 3. Unfair Competition Law and Cancellation of Written Instruments

The UCL proscribes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Civil Code § 3412, meanwhile, provides that an instrument may "canceled" when "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412. Defendants move to dismiss both these claims on the grounds that they are "derivative of [Plaintiffs'] other claims, which Defendants have shown [must] fail." (Mot. at 10; *see also* Mot. 12.) Because the Court concludes that the bulk of the HBOR claims should stand, Defendants' grounds are insufficient to dismiss the UCL and § 3412 claims.

Defendants also argue that Plaintiffs lack standing for the UCL claim because Plaintiffs have suffered no economic injury as a result of Defendants' conduct. (*See* Mot. at 11–12.) A plaintiff has standing to bring an action under the UCL only if the plaintiff has "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To meet this standing requirement, Plaintiffs must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Jenkins v. JPMorgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 932 (Cal. Ct. App. 2013) (emphasis omitted), *disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016).

Plaintiffs appear to allege that they have suffered injury because their property is now subject to foreclosure proceedings, which could have been avoided if Defendants had abided by the strictures of the HBOR. In other words, Plaintiffs allege that but for

the violative conduct, their property would not be in foreclosure. Some courts have found that when a borrower defaults on a loan before a defendant's alleged wrongful acts, the borrower does not satisfy the causality component of standing for the UCL because the foreclosure proceedings are caused by the default, not the defendant's conduct. *See Jenkins*, 156 Cal. Rptr. 3d at 933–34. The gist of Plaintiffs' complaint, however, is that they would have remained in possession of their property as a result of a loan modification or other foreclosure alternatives had Defendants complied with the HBOR. That is enough to satisfy the causality component. Plaintiffs will suffer an economic injury—the loss of their property—if the foreclosure proceedings are completed. And "Plaintiff[s] need not wait until the house itself is sold" to have standing to assert the UCL claim. *Galang v. Wells Fargo Bank, N.A.*, No. 16-cv-03468, 2017 WL 1210021, at *6 (N.D. Cal. Apr. 3, 2017); *see also Rosenfeld v. Nationstar Mortg., LLC*, No. 2:13–cv–04830, 2014 WL 457920, at *6 (C.D. Cal. Feb. 3, 2014) ("[T]he threat of a foreclosure is sufficient to establish standing to assert a UCL claim."); *Clemens v. JP Morgan Chase Nat'l Corp. Servs., Inc.*, No. C-09-3365, 2009 WL 4507742, at *7 (N.D. Cal. Dec. 1, 2009), *abrogated on other grounds by Sonoda v. Americsave Mortg. Corp.*, No. C–11–1803, 2011 WL 2690451 (N.D. Cal. July 8, 2011); *Sullivan v. Wash. Mutual Bank*, No. C–09–2161, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009).

Therefore, Defendants' motion to dismiss the UCL claim and the claim under § 3412 is **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, Defendants' request for judicial notice is **DENIED**. Defendants' motion to dismiss Plaintiffs' claims under Civil Code §§ 2923.5, 2923.7 2924.9, 2924.10, and 3412 and for violating the UCL is also **DENIED**. The motion to dismiss the claim under Civil Code § 2924(a)(1) and the negligence claim is **GRANTED**.

Because Plaintiffs concede the former claim and any amendment regarding the latter claim would be futile, these two claims are **DISMISSED WITH PREJUDICE**. The motion to dismiss the claim under § 2923.6(c) is **GRANTED**, and this claim is **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs wish to amend their complaint, Plaintiffs must file the amended complaint no later than **October 28, 2022**. If Plaintiffs do not file an amended complaint by that date, Defendants must file an answer to Plaintiffs' complaint by **November 14, 2022**.

DATED: October 14, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE